**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shauna Deann Holt,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>    Defendant. | No. CV-22-00812-PHX-JJT<br><br>**ORDER** |

At issue is the denial of Plaintiff Shauna Deann Holt's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 13, Pl. Br.), Defendant Social Security Administration Commissioner's Response Brief (Doc. 16, Def. Br.), and Plaintiff's Reply (Doc. 19, Reply). The Court has reviewed the briefs and Administrative Record (Doc. 12, R.) and now reverses the Administrative Law Judge's (ALJ) decision (R. at 13–22) as upheld by the Appeals Council (R. at 1–3).

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits on June 30, 2019, for a period of disability beginning on October 5, 2017. (R. at 13.) Her claim was denied initially on November 6, 2019, and upon reconsideration on October 19, 2020. (R. at 13.) On May 11, 2021, Plaintiff appeared before the ALJ for a hearing regarding her claim. (R. at 28.) On June 14, 2021, the ALJ denied Plaintiff's claim. (R. at 13–22.) On March 30,

2022, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (R. at 1–3.)

The Court has reviewed the record and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the severe impairments of bipolar disorder, depressive disorder, anxiety disorder, and attention deficit/hyperactivity disorder (ADHD). (R. at 15.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (R. at 22.) In so doing, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (R. at 16.) The ALJ found that Plaintiff has the Residual Functional Capacity (RFC) to perform work at all exertional levels with some non-exertional limitations, including that Plaintiff is limited to performing simple, routine tasks and making simple, work-related decisions with occasional interaction with the public, supervisors, and co-workers. (R. at 17.) Accordingly, the ALJ found that Plaintiff can perform work in the national economy, including as a hand packager inspector, routing clerk, or small parts assembler, such that Plaintiff is not under a disability as defined in the Social Security Act. (R. at 21.)

## II.     LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.*; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and

may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled, and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled, and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration, namely, (1) the ALJ's reliance on the assessment of examining psychologist Kari Coelho, Psy.D., and reasons for discounting the opinions of treating psychiatrist Marc Schwartz, D.O., were neither sufficiently explained nor supported by substantial evidence in the record, and (2) the ALJ

erred in evaluating Plaintiff's symptom testimony. (Pl. Br. at 1.) The Court examines these arguments in turn.

**A.     Examining Psychologist Kari Coelho, Psy.D.**

Dr. Coelho examined and evaluated Plaintiff on October 7, 2019. (R. at 958–64.) Plaintiff first contends that the ALJ erred in his interpretation and application of Dr. Coelho's assessment in the disability determination.

The Ninth Circuit no longer accords special deference to a treating or examining physician. *Woods v. Kijakazi*, 32 F. 4th 785, 792 (9th Cir. 2022). In 2017, the Social Security Administration amended the regulations for evaluating medical evidence. *See* Revisions to Rules Regarding Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). The 2017 regulations provide that "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion . . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions . . . are supportability . . . and consistency." 20 C.F.R. § 404.1520c(a). Other factors, which an ALJ "may, but [is] not required to[ ] explain" when evaluating the persuasiveness of a medical opinion, are the medical source's "relationship with the claimant," "specialization," "familiarity with the other evidence in the claim," and "understanding of our disability program's policies and evidentiary requirements." *Id.* § 404.1520c(b)(2), (c).

Moreover, the Ninth Circuit held its requirement that ALJs provide "specific and legitimate reasons" for rejecting a treating or examining doctor's opinion is incompatible with the revised regulations. *Woods*, 32 F. 4th at 790. Nonetheless, in rejecting a treating or examining doctor's opinion as unsupported or inconsistent, an ALJ must provide an explanation—that is, reasons—supported by substantial evidence. *Id.* This means that the ALJ "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how it considered the supportability and consistency factors' in reaching these findings." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

In her evaluation, Dr. Coelho noted that Plaintiff reported she "has struggled to find medications that she can tolerate that alleviate her mental health complaints and do not lead

to significant side effects," that she stopped working 2–3 years ago "due to mood instability, feelings of being overwhelmed and lack of appropriate coping skills," and "doctors have not been able to stabilize her psychologically speaking." (R. at 962.)

Based on Plaintiff's reports and an examination, Dr. Coelho offered some observations with respect to Plaintiff's ability to perform substantial work activity on a regular and continuing basis. (R. at 963–64.) Dr. Coelho observed Plaintiff did not appear to suffer significant problems in understanding and memory during the evaluation but reported intermittent memory problems. (R. at 963.) Plaintiff "demonstrated fair attention and concentration" and was "able to carry out simple instructions" but reported no energy or motivation and an inability to leave the house due to anxiety and depression. (R. at 963.) With regard to social interaction, Dr. Coelho stated Plaintiff "demonstrate[d] depression and some intermittent crying during the evaluation" that she appears "capable of controlling." (R. at 963.) She also stated Plaintiff reported that in her last job, she demonstrated agitation and irritability and was verbally confrontational. (R. at 963.) In adapting to change, Dr. Coelho observed that Plaintiff "appears to lack impulse control" and may "cry or be verbally aggressive or throw things or become overwhelmed to the extent that she has become dependent upon other people to help her." (R. at 964.)

The ALJ found Dr. Coelho's evaluation "persuasive" and incorporated her observations by "limiting [Plaintiff] to simple routine tasks with occasional interaction with supervisors, coworkers and the public." (R. at 20.) The ALJ adequately considered the supportability and consistency factors in giving weight to Dr. Coelho's opinion by considering that Dr. Coelho examined and assessed Plaintiff in person, including by noting Plaintiff scored 30 out of 30 on a mini-mental status examination, and by citing specific, substantial portions of the medical record that were consistent with Dr. Coelho's evaluation. (R. at 18–20.) The ALJ also considered Dr. Coelho's expertise in psychology and knowledge of Social Security disability programs. (R. at 20.)

Plaintiff essentially argues that the ALJ should have given more weight to certain aspects of Dr. Coelho's opinion. Specifically, Plaintiff argues that the ALJ's assessment

failed to incorporate Dr. Coelho's opinion that Plaintiff "lacked impulse control, became overwhelmed, and was incapable of handling stress." (Pl. Br. at 16.) But a reading of Dr. Coelho's opinion reveals a lack of specificity and definitiveness in its conclusions. For example, Dr. Coelho stated Plaintiff reported in the last 2–3 years that she has behaved without impulse control and was unable to handle stress, but Dr. Coelho neither corroborated nor refuted that report.

The applicable Social Security Regulation's listed mental work activities include "understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or pressures in a work setting." 20 C.F.R. § 404.1513(a)(2)(ii). Dr. Coelho's inclusion of Plaintiff's subjective reports in her evaluation, which she placed under the heading "adapting to change," apply most aptly to the category, "responding appropriately to supervision, co-workers, or pressures in a work setting."[1] (R. at 964.) Dr. Coelho did not opine that Plaintiff had severe, marked or even moderate limitations in that area, but instead considered Plaintiff's reports made over the last 2–3 years. (R. at 964.) Without more specificity in Dr. Coelho's evaluation, the ALJ neither committed legal error nor failed to rely on substantial evidence in the record in incorporating Dr. Coelho's opinion into the RFC by limiting Plaintiff to "occasional interaction with supervisors, coworkers and the public." (R. at 20.) In sum, the Court cannot conclude the ALJ erred in considering Dr. Coelho's opinion.

**B.    Treating Psychiatrist Marc Schwartz, D.O.**

Dr. Schwartz began treating Plaintiff on May 7, 2019 (R. at 979), and he evaluated Plaintiff's mental work limitations on April 24, 2020 (R. at 974–77). Dr. Schwartz concluded that Plaintiff has severe limitations across all areas of mental work capacity, including understanding and memory, sustained concentration and persistence, social interactions, and adaptation. (R. at 974–76.) The ALJ cursorily found Dr. Schwartz's

---

[1] The Court disagrees with Plaintiff that Dr. Coelho's evaluation more aptly translates to restrictions in Plaintiff's ability to perform simple routine tasks and make simple work-related decisions. (*See* Pl. Br. at 16.)

evaluation "unpersuasive" based on two snippets from the medical record: (1) on July 25, 2019, Plaintiff reported to Dr. Schwartz that she was feeling "much better" on a higher dose of Zoloft, and (2) on February 14, 2019, Dr. Melissa Ramirez observed on a checklist form that Plaintiff was appropriately dressed and adequately groomed with sad/depressed and anxious but congruent mood, organized thought process and intact memory. (R. at 19, 505, 1001.)

The Court agrees with Plaintiff that the reasons the ALJ provided for discounting Dr. Schwartz's evaluation of Plaintiff are wholly insufficient and constitute legal error. First, reading the treatment notes of Dr. Schwartz as well as the available notes of his predecessors in Plaintiff's treatment, Drs. Patel and Greenman, the three doctors consistently observed that Plaintiff suffered from severe anxiety, depression, and suicidal ideation and was generally unable to leave the house. (*E.g.*, R. at 547–50, 979–94.) The doctors noted Plaintiff was generally unresponsive to treatment or suffered from severe medical side effects from the medications she tried, including Lamictal, Pristiq, Latuda, Vraylar, Resperidone, Geodon, Lithium, and Zyprexa. (*E.g.*, R. at 986–87, 994.) While she was able to tolerate Zoloft, Adderall, and Vistaril, she continued to suffer severe depressive lows and suicidal ideation. (R. at 983, 989.) Dr. Schwartz recommended Plaintiff receive an evaluation for electroconvulsive therapy (ECT) and opined that Plaintiff "may very well qualify for a [serious mental illness] designation." (R. at 1000–1001.) The ALJ's citation to a single instance in which Plaintiff reported that a higher dose of Zoloft resulted in an improvement is not sufficient to discount three years of treatment notes that are consistent with Dr. Schwartz's evaluation of Plaintiff's mental work capacity. *See Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (stating the ALJ must not simply identify a few instances recording the plaintiff's improvement "but must interpret reports of improvement with an understanding of the patient's overall well-being and the nature of her symptoms").

Next, Dr. Ramirez's observations on a checklist form that Plaintiff was, for example, appropriately dressed and adequately groomed at the appointment (R. at 505) also do not constitute substantial evidence sufficient to discount the treatment notes by

Plaintiff's mental health care providers; indeed, the ALJ provides no explanation linking Dr. Ramirez's observations regarding Plaintiff's appearance to Dr. Schwartz's evaluation of Plaintiff's mental work capacity. Moreover, in the same appointment, Dr. Ramirez observed Plaintiff's continued suicidal ideation, depression, anxiety, poor concentration, and history of hypomanic episodes, and she diagnosed Plaintiff with bipolar II disorder, anxiety disorder, and ADHD, adding another antipsychotic medication to Plaintiff's regimen. (R. at 505–508.)

In short, the ALJ failed to adequately describe how Dr. Schwartz's evaluation is inconsistent with the medical record or to support that conclusion with substantial evidence. *See* 20 C.F.R. § 404.1520c(b)(2). And the ALJ also did not identify or evaluate other relevant factors with regard to weighing Dr. Schwartz's opinion, such as that he is a specialist and examined and treated Plaintiff regularly for a year before providing the mental work capacity evaluation. *See Woods*, 32 F.4th at 792. The ALJ thus committed reversible error in finding Dr. Schwartz's opinion unpersuasive and declining to incorporate it in formulating Plaintiff's RFC.

### C. Plaintiff's Symptom Testimony

The ALJ also erred in evaluating Plaintiff's symptom testimony for many of the same reasons the Court discussed above with regard to the weighing of Dr. Schwartz's evaluation.

While credibility is the province of the ALJ, an adverse credibility determination requires the ALJ to provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).)). For example, "[i]n evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). But the ALJ may properly consider that the

medical record lacks evidence to support certain symptom testimony. *Id.* at 681. The ALJ may also properly consider inconsistencies in the claimant's testimony, including inconsistencies between the claimant's testimony of daily activities and symptom testimony. *Id.*

As discussed above, a single report by Plaintiff that a medication dosage change resulted in an improvement does not support the ALJ's opinion negating Plaintiff's reports of severe anxiety and depression, much less three years of mental health treatment records identifying Plaintiff's severe anxiety, depression, bipolar disorder and ADHD. Moreover, the ALJ did not explain—or provide specific, clear and convincing reasons—why Plaintiff's daily activities were inconsistent with her specific reports of symptoms of depression, anxiety, panic attacks and self-isolating. *See Vertigan v. Halter*, 260 F.3d 1044, 149–50 (9th Cir. 2001). The ALJ thus also erred in discounting Plaintiff's symptom testimony.

### D.     Credit as True

The credit–as–true standard, if applied, results in a remand of Plaintiff's case for a calculation and payment of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). It applies if each part of a three–part standard is satisfied. *Id.* First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id.* Next, the ALJ must have failed to provide sufficient reasons for rejecting claimant's testimony or medical opinions. *Id.* Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id.*

The credit–as–true rule applies in this case. First, the record in this case was fully and extensively developed and no contradictions remain that need to be resolved. Specifically, Dr. Coelho's evaluation of Plaintiff was not inconsistent was Dr. Schwartz's treatment notes and assessment of Plaintiff; Dr. Coelho's evaluation simply lacked the same specificity and definitiveness that could have compelled the ALJ to incorporate additional limitations in the RFC formulation. As a result, further proceedings would be

unproductive. Next, as discussed above, the ALJ failed to provide legally sufficient reasons for rejecting the medical opinions of Dr. Schwartz, Plaintiff's treating psychiatrist. The ALJ also failed to properly weigh Plaintiff's symptom testimony. Finally, if the improperly discredited evidence were credited as true, then considering the whole record, including the testimony of the Vocational Expert (R. at 46), the ALJ would be required to find that Plaintiff is disabled.

Therefore, it is unnecessary to remand for further administrative proceedings, and the Court will remand for a calculation and entry of benefits.

**IT IS THEREFORE ORDERED** reversing the June 14, 2021 decision of the Administrative Law Judge (R. at 13–22), as upheld by the Appeals Council on March 30, 2022 (R. at 1–3).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for a calculation of benefits.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment and close this case.

Dated this 21st day of September, 2023.

Honorable John J. Tuchi
United States District Judge